UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UN4 PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00228-TLS-SLC |
| | ) | |
| DOE 1, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (DE 4) filed by Plaintiff UN4 Productions, Inc. ("UN4"), on May 23, 2017. For the following reasons, the motion will be GRANTED.

In its complaint, UN4 alleges copyright infringement of its copyrighted work by 10 Doe Defendants. (DE 1). UN4 states that the true names of Defendants are unknown to UN4 and that Defendants are only known to UN4 by the Internet Protocol ("IP") address assigned to each Defendant by his or her Internet Service Provider, which are identified on Exhibit B of UN4's complaint ("the ISPs"). (DE 1-2). UN4 asks that the Court enter an order permitting UN4 to issue subpoenas to the ISPs for the purpose of identifying the Doe Defendants. UN4 represents that only the ISPs maintain the records that will provide the information that UN4 seeks.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by . . . court order." Fed .R. Civ. P. 26(d)(1). "A party seeking leave to conduct [early discovery] has the burden to make a prima facie showing of the need for such early discovery." *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012)

(citation omitted). "In other words, the movant must establish 'good cause.'" *Id*. (citations omitted). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. (citation omitted).

District courts within the Seventh Circuit "evaluate a motion for expected discovery on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Bicycle Peddler, LLC v. Does 1-12*, 295 F.R.D. 274, 277 (N.D. Ill. 2013) (citation and internal quotation marks omitted); *see also Hard Drive Prods., Inc.*, 283 F.R.D. at 410. "In applying the 'reasonableness' standard, factors a Court may consider include (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request is made." *Ibarra v. City of Chi.*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (citation and internal quotation marks omitted). "[D]istrict courts have broad discretion in discovery matters." *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013) (citation omitted).

Here, UN4 has established good cause for the early discovery. The early discovery is reasonable in that UN4 will have no way to identify the Doe Defendants or serve the complaint without the requested discovery. The discovery requests are narrowly tailored to allow UN4 to identify the Doe Defendants. The Doe Defendants will not be burdened by the discovery requests, as their ISPs, not the Doe Defendants themselves, will be required to respond to the subpoenas. There is no preliminary injunction pending. To require UN4 to wait longer to learn Defendants' identities would not be a prudent or efficient use of the Court's time or resources.

Therefore, the Court GRANTS UN4's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (DE 4). UN4 may serve Rule 45 subpoenas on the ISPs for the purpose of identifying the Doe Defendants. The subpoenas may **only** ask for the following information as to each IP address: name and address of the account holder, current and permanent addresses, telephone numbers, email addresses, and the Media Access Control address.

The Court further ORDERS that UN4 may only use the information disclosed in response to Rule 45 subpoenas permitted by this Order for the purpose of protecting and enforcing UN4's rights as set forth in its complaint (DE 1).

Additionally, UN4 is DIRECTED to file a written status report regarding the status of preliminary discovery on or before September 1, 2017.

SO ORDERED.

Entered this 1st day of June 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge